FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 26, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TRISTAN S.,[1]<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 4:26-CV-03021-RLP<br><br>ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS |

BEFORE THE COURT is an appeal from an Administrative Law Judge (ALJ) denial of disability claims pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). ECF No. 7. The Court considered the matter without oral argument. For the reasons discussed below, Mr. S.'s brief is granted as to the assignments of error but denied as to remedy, and the Commissioners request to remand the matter for further proceedings is granted.

[1] Plaintiff's first name and last initial are used to protect his privacy.

## BACKGROUND

Mr. S. was born in 2003. He had an IEP throughout school and dropped out in the tenth grade. Tr. 92, 1128-29. He has some criminal history, including being charged with assault when he was 13 and an armed robbery charge from 2022. Tr. 695, 1098. He has a history of substance abuse disorder, having been admitted to medical centers for withdrawal management more than once. Tr. 317, 645, 1497. He also has alleges to have a variety of mental disorders, including, but not limited to, schizophrenia, personality disorder, post-traumatic stress disorder (PTSD), bipolar, and depression. Tr. 21. Based on these impairments, Mr. S. filed for Child Disability Benefits and Supplemental Security Income, alleging onset September 24, 2021. Tr. 285, 295.

The claim for social security benefits was denied on December 20, 2022. His request for reconsideration was denied. Tr. 119-26. Mr. S. made a timely request for a hearing before an ALJ. Tr. 49.

Leading up to the hearing, Mr. S. developed symptoms including headaches and vision loss, being seen at the emergency room three times for these symptoms within two weeks. Tr. 59.

A hearing was held on November 12, 2024. Tr. 49-105. Mr. S. appeared with a representative. *Id*. A vocational expert (VE) and medical expert (ME) also appeared. Tr. 49. The ME opined Mr. S. has mild impairment in

understanding, remembering fine information, moderate impairment and interacting with others, moderate impairment and concentrating, persisting and maintaining pace, and moderate impairment in adapting or managing oneself. Tr. 65. The ALJ issued an unfavorable decision on January 8, 2025, and the appeals council denied review. Tr. 17-29.

## STANDARD OF REVIEW

This Court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). If the evidence in the record "is susceptible to more than one rational interpretation, [the Court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. §§ 404.1502(a), 416.902(a) (citation omitted).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or

can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do [his or her] previous work[,] but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, if the claimant is engaged in "substantial gainful activity," the Commissioner must find the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

If the severity of the claimant's impairment does not meet or exceed the

severity of the enumerated impairments, the Commissioner must assess the claimant's residual functional capacity (RFC), which is the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If not, the analysis proceeds to step five and the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

When a claimant has documented medical evidence of alcoholism or drug addiction, a disabled finding under the five-step inquiry does not automatically qualify them for disability benefits. *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001); SSR 13-2P, 2013 WL 621536, at *4 (Feb. 20, 2013). The SSA's implementing regulations specify: "If we find that you are disabled and have

medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability." 20 C.F.R. §§ 404.1535(a), 416.935(a); *see also Jarvis v. Berryhill*, 722 F. App'x 616, 619 (9th Cir. 2018).

To determine whether drug addiction is a contributing factor material to the determination of disability, the ALJ must decide whether the claimant would still be disabled if she were not using drugs. SSR 13-2P, 2013 WL 621536, at *4–5. This requires the ALJ to repeat the five-step evaluation, separating out the impact of the drug addiction from the other non-substance related impairments. *See Ball v. Massanari*, 254 F.3d 817, 822–23 (9th Cir. 2001). However, if, and only if, the ALJ finds that the claimant is disabled and there is "medical evidence" of his or her substance abuse, "then the ALJ should proceed under §§ 404.1535 or 416.935 to determine if the claimant 'would still [be found] disabled if [he or she] stopped using alcohol or drugs.'" *Bustamante*, 262 F.3d at 949 (quoting 20 C.F.R. §§ 404.1535, 416.935). If the claimant's remaining limitations would be disabling without the drug-related impairments, then the drug addiction is not material to the determination of disability and the claimant is disabled. *Id*. at 954. In materiality determinations, the claimant bears the burden of proving her drug addiction is not a contributing factor material to the disability determination. *Id*.

SSR 13-2p explains that "[m]any people with DAA have co-occurring mental

disorders; that is, a mental disorder(s) diagnosed by an acceptable medical source in addition to their DAA. We do not know of any research data that we can use to predict reliably that any given claimant's co-occurring mental disorder would improve, or the extent to which it would improve, if the claimant were to stop using drugs or alcohol." *Soc. Sec. Ruling, SSR 13-2p; Titles II & Xvi: Evaluating Cases Involving Drug Addiction & Alcoholism (Daa),* SSR 13-2p (S.S.A. Feb. 20, 2013).

ALJ'S FINDINGS

The ALJ first found Mr. S. was under 22 at onset date and has not engaged in substantial gainful activity since then. Tr. 19. At step two, the ALJ found Mr. S. suffered from the following severe impairments: schizophrenia and other psychotic disorders; personality disorder; depressive, bipolar, and related disorders; trauma and stressor-related disorder; and substance addiction disorders. Tr. 20. At step three, the ALJ found Mr. S. does not have an impairment or any combination of impairments that meet or medically equals the severity of a listed impairment. Tr. 20.

The ALJ then determined Mr. S. has the RFC to perform a full range of work at all exertional levels but is limited to simple, routine, repetitive tasks with frequent interaction with supervisors, co-workers and the public, and he can deal with frequent changes in the work setting. Tr. 21.

The ALJ found Mr. S. has no past relevant work at step four. Tr. 30. At step five, the ALJ found there are jobs that exist in significant numbers in the national

economy that Mr. S. can perform such as industrial cleaner, hand packager, and sweeper cleaner industrial. Tr. 30-31. Therefore, the ALJ concluded Mr. S. has not been under a disability, as defined in the Social Security Act, from September 24, 2021, through the date of the decision. Tr. 31.

## ANALYSIS

The parties agree the ALJ erred in its analysis but disagree as to remedy. Mr. S. contends the record supports a remand for immediate award of benefits. The Commissioner requests a remand for further proceedings. Because the record is not sufficiently developed to justify an award of benefits, the Court agrees with the Commissioner and remands for further proceedings.

To assist on remand, the Court details each of Mr. S.'s assignments of error.

*Medical Opinions*

Mr. S. contends the ALJ erred in assessing the medial opinions of Nurse Austin and Dr. Price. With respect to Nurse Austin, he argues it was improper for the ALJ to discount the opinion due to it not being vocationally defined. With respect to Dr. Price, he argues the ALJ did not identify what testimony she was crediting and thus did not articulate the supportability factor in a way that can be meaningfully reviewed. The Court agrees with these assessments.

The ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R.

§§ 416.920c(a) and (b), 404.1520c(a) and (b). The factors for evaluating the persuasiveness of medical opinions and prior administrative findings include supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). 20 C.F.R. §§ 416.920c(c)(1)-(5), 404.1520c(c)(1)-(5). Supportability and consistency are the most important factors, and the ALJ must explain how both factors were considered. 20 C.F.R. §§ 416.920c(b)(2), 404.1520c(b)(2). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id*.

This Court reviews ALJ's findings for substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022). Further, "[w]here evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

The ALJ's only stated reason for rejecting Nurse Austin's opinion is that she used non-vocationally defined language. Tr. 30. Although there may be value in having medical opinions framed in vocationally relevant language, here, the ALJ conceded that the language "may be challenged" sufficiently communicated at least some limitation. Tr. 30. *See also Lilian R. v. Comm'r Soc. Sec. Admin.,* 2026

WL 1031189 at *4 (D. Or. Apr. 16, 2026) (finding error where the ALJ found the medical opinion “persuasive” but did not adopt specific limitations therein only because it was “not vocationally defined.”). Any reason for rejecting a medical opinion must be grounded in the consistency and supportability factors, and the ALJ does not discuss either factor here.

Next, the ALJ credited Dr. Price’s testimony, finding she rendered her opinion in her area of expertise, reviewed the record and provided citations to the evidence in support of her conclusion. Tr. 30. Dr. Price testified that Mr. S. could do simple repetitive tasks with manual labor and a work environment, but with only 1-2 co-workers, a routine and flexible work environment, no time pressures and only frequent changes in the work setting. Tr. 22. The ALJ did not identify what testimony of Dr. Price’s was credited and failed to include all of the limitations assessed by Dr. Price in the RFC. Specifically, the RFC does not include a limitation of no time pressure or frequent changes in the work setting.

To the extent the ALJ accepts a doctor's findings, the ALJ is required to include them in the RFC. *Van Sickle v. Astrue,* 385 F. App’x 739, 741 (9th Cir. 2010). The ALJ’s limited discussion of Dr. Price’s opinion does not allow for meaningful review. *Lambert v. Saul*, 980 F.3d 1266, 1278 (9th Cir. 2020) (“Because the ALJ did not provide enough reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by

substantial evidence, we cannot treat the error as harmless."); *Woods*, 32 F.4th at 792 (ALJ must explain how they considered the supportability and consistency factors.); *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("[T]he agency [must] set forth the reasoning behind its decisions in a way that allows for meaningful review."); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) ("Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence.").

On remand the ALJ is directed to reevaluate the medical opinion and provide legally sufficient explanations for the weight assigned to them, taking into account all limitations assessed.

*Symptom Testimony*

Mr. S. contends the reasons provided by the ALJ to discredit his testimony—that he had a history of illicit drug use and failed to comply with prescribed medications—were not "clear and convincing." Again, the Court agrees.

An ALJ engages in a two-step analysis to determine whether to discount a claimant's testimony regarding subjective symptoms. SSR 16-3p, 2016 WL 1119029, at *2. "First, the ALJ must determine whether there is 'objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.'" *Molina,* 674 F.3d at 1112 (quoting

*Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)). Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted).

The ALJ found Mr. S.'s statements concerning intensity, persistence and limiting effects of his alleged symptoms are not entirely consistent with his history of drug use and lack of compliance with prescribed medications. Tr. 22-28. These are legally insufficient justifications for rejecting Mr. S.'s testimony. The fact that a claimant uses substances is not itself a reason to discount their credibility. *See Julio S. v. O'Malley*, 2024 WL 7006718  at *6 (C.D. Cal. Oct. 21, 2024). As to Mr. S.'s noncompliance with medications, the ALJ does not identify what symptoms are discredited and whether the medication was prescribed to treat the discredited symptoms. The ALJ's citations to the record largely relate to periods of relapse and not to management of his psychiatric conditions. *See* Tr. 1097-98, 1101, 1158, 1170, 1181-128. This falls short of the specificity required and means the finding regarding Mr. S.'s symptoms statements is not supported by substantial evidence.

*Headaches and Vision Loss*

Mr. S. contends the ALJ did not appropriately consider his vision loss, headaches, and brain mass at step two or in the RFC determination. The Court

agrees.

Step two is “a de minimus screening device [used] to dispose of groundless claims.” *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). “Thus, applying our normal standard of review to the requirements of step two, [the Court] must determine whether the ALJ had substantial evidence to find that the medical evidence clearly established that [Plaintiff] did not have a medically severe impairment or combination of impairments.” *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005).

The Commissioner does not put forth any reason why Mr. S.’s headache and related symptoms should not be found to be medically determinable impairments. On remand, the ALJ should make a new step two which addresses all of Mr. S.’s alleged impairments and, if appropriate, make an RFC finding which takes into account all of Mr. S’s limitations, even those from non-severe impairments.

*Remedy*

Mr. S. contends that because the ALJ found Dr. F.’s opinion persuasive and his findings would compel disability if such limitations were included in the RFC based on 2 separate limitations, there is no need to further develop the record. Dr. F. opined Mr. S. will have “occasional” difficulty in sustained concentration and persistence but would be able to do so “most of the time,” Tr. 124, and that he is “[c]apable of occasional contact with supervisors, co-workers and the public.” *Id.*

During the hearing, the VE testified an employee cannot miss more than 1 day of work per month or be off-task over 10% without risking termination, and that training periods require more than occasional interaction with supervisors during the training period establishes that he is disabled. *See* Tr. 96. Thus, Mr. S. urges and award of benefits is the appropriate remedy.

To remand for an award of benefits, the Court must conclude that "the record has been fully developed and further administrative proceedings would serve no useful purpose." *Garrison v. Colvin,* 759 F.3d 995, 1020 (9th Cir. 2014). "This requirement will not be satisfied if 'the record raises crucial questions as to the extent of [a claimant's] impairment given inconsistencies between his testimony and the medical evidence in the record,' because '[t]hese are exactly the sort of issues that should be remanded to the agency for further proceedings.'" *Brown-Hunter*, 806 F.3d at 495 (quoting *Treichler*, 775 F.3d at 1105).

In this case, even if Dr. F's testimony is fully credited, it does not answer the question whether substance abuse was a contributing factor to disability. The ALJ is required to conduct a DAA analysis before a finding of disability can be made. The Ninth Circuit has held that remand is "necessary" where the ALJ did not perform a proper [DAA] analysis[.]" *Monan v. Astrue*, 377 F. App'x 629, 630 (9th Cir. 2010). In so holding, the Ninth Circuit explained that "there was no [initial five-step] determination [that the claimant was] 'disabled,'" and thus "while the

ALJ discussed [the claimant's] drug use, he could not have performed the mandated DAA absent a disability determination." *Id*. In this case, given the significant evidence of DAA and the deficiencies in the ALJ's decision, the Court finds additional proceedings are the appropriate remedy.

CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is not supported by substantial evidence and free of harmful legal error.

1. Mr. S.'s Brief, **ECF No. 7**, is **GRANTED** in part and **DENIED** in part.
2. Defendant's Brief, **ECF No. 12**, is **GRANTED** as to the issue of remedy.
3. This case is **REVERSED** and **REMANDED** for further administrative proceedings consistent with this Order pursuant to sentence four of 42 U.S.C. § 405(g). In addition to the issues discussed above, the ALJ is instructed as follows:
    a. Mr. S.'s headaches, vision loss and related symptoms are to be evaluated at step two, and any limitations established therefrom shall be incorporated into the RFC;
    b. The limitations found in the prior administrative finding are to be included in Mr. S.'s RFC: (1) occasional absenteeism would render jobs in the economy unavailable and (2) inability to complete training would render jobs in the economy unavailable;

c. Mr. S.'s symptoms statements are to be reevaluated. In evaluating Mr. S.'s symptom allegations, the ALJ is directed to review SR 13-2p, which provides: "Adjudicators must not presume that all claimants with DAA are inherently less credible than other claimants. We will apply our policy in SSR 96-7p and our regulations as in any other case, considering the facts of each case. In addition, adjudicators must consider a claimant's co-occurring mental disorder(s) when they evaluate the credibility of the claimant's allegations."

d. The medical opinions of Dr. Price and Nurse Austin are to be reassessed and the record developed where necessary;

e. The ALJ is instructed to complete the initial five-step inquiry without considering the impact of Mr. S.'s substance abuse on his impairments. If the ALJ determines during the initial five-step inquiry that he is not disabled, then the ALJ need not proceed with the analysis under 20 C.F.R. §§ 404.1535 or 416.935 utilizing SSR 13-2p. For cases involving co-occurring mental disorders, the ALJ is instructed to review SSR 13-2p(7), which states:

> a. Many people with DAA have co-occurring mental disorders; that is, a mental disorder(s) diagnosed by an acceptable medical source in addition to their DAA. We do not know of any research data that we can use to predict reliably that any given claimant's co-occurring mental disorder would improve, or the extent to which it

> would improve, if the claimant were to stop using drugs or alcohol.
>
> b. To support a finding that DAA is material, we must have evidence in the case record that establishes that a claimant with a co-occurring mental disorder(s) would not be disabled in the absence of DAA. Unlike cases involving physical impairments, we do not permit adjudicators to rely exclusively on medical expertise and the nature of a claimant's mental disorder.

SSR 13-2p, 2013 WL 621536, at *9.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Mr. S. the file shall be **CLOSED**.

**DATED** August 26, 2026.

REBECCA L. PENNELL
United States District Judge